JENNIFER WALKER ELROD, Circuit Judge,
dissenting:
The revised majority opinion addresses some of the most troubling issues raised in my original dissent, but still reaches the wrong result. Although the majority opinion now recognizes this circuit’s well-established precedent that a court may look to the totality of the circumstances in determining whether a litigant violated the reasonably understood terms of its order, the majority opinion’s cramped application of that standard disregards the deference owed to the district court’s contempt findings. Moreover, the majority opinion’s approach may give incentive for litigants creatively to circumvent district court orders. This is especially troubling where, as here, the contemnor represents a coequal branch of government.[1] As the least dangerous branch among equals, the Judiciary must be vigilant regarding compliance with its orders, lest it become toothless.

. See The Federalist No. 78 at 227 (Alexander Hamilton) (Roy P. Fairfield ed., 1961) ("[T]he judiciary is the' weakest of the three departments of power ... all possible care is requisite to enable [the Judiciary] to defend itself.”); see also N. Pipeline Const. Co. v. Marathon Pipe Line Co., 458 U.S. 50, 58, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) ("The Federal Judiciary was ... designed by the Framers to stand independent of the Executive and Legislature — to maintain the checks and balances of the constitutional structure.”).